## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M. HERAKOVIC, | ) | CASE NO. 1:23-CV-1326 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

## I.      INTRODUCTION

Now pending before the Court is Plaintiff Christopher M. Herakovic's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (ECF No. 14.) The motion seeks a total award of $5,704.25. (ECF No. 14, PageID# 1616.) The Commissioner "neither supports nor opposes $4,844.25 of counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but contests the remaining $860 owing to a technical computation error. (ECF No. 15, PageID# 1740–42.) Plaintiff does not oppose the Commissioner's proposed reduction (ECF No. 15, PageID# 1742), so the Court considers the amended request to be for $4,844.25.

For the reasons sets forth below, the Court GRANTS Plaintiff's amended request and awards **$4,844.25** in § 406(b) fees, to be paid from Plaintiff's past-due benefits pursuant to agency policy.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff entered into an Attorney Fee Agreement with the law firm Paulette F. Balin and Associates, LLC on November 29, 2021. (ECF No. 14-4, PageID# 1640.) The agreement provided that Plaintiff would pay a "fee equal to 25 percent of all past-due benefits in [his] Social Security and/or SSI disability claims for [himself] and [his] family" if the Social Security Administration

1

("SSA") were to favorably decide his case at the ALJ hearing level after a decision in federal court. (*Id.*)

The agreement further stated that "past-due benefits" included benefits paid to Plaintiff and his children as the result of SSA's approval of Plaintiff's disability claim, and it also includes any SSI benefits. (*Id.*)

After the SSA denied Plaintiff's claim initially, he brought an administrative appeal in this Court in July 2023. (Compl., ECF No. 1.) Based on a joint proposed stipulation, the Court remanded this matter back to the SSA in February 2024 pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Order, ECF No. 11.) The parties then stipulated to an award of fees under the Equal Access to Justice Act, in the amount of $5,600. (Order, ECF No. 13.) Plaintiffs' counsel represents that they "received none of the authorized EAJA fee due to Plaintiff's pre-existing federal debts." (ECF No. 14, PageID# 1617.)

Plaintiff then received a favorable Notice of Award from the SSA on September 25, 2025, indicating that he was owed past due Social Security Disability Insurance ("SSDI") benefits amounting to $38,774. (ECF No. 14-1, PageID# 1627). On April 16, 2026, Administrative Law Judge ("ALJ") Joseph Rose authorized attorney Dlugopolsky to collect $8,000 and attorney Balin to collect $1,693.50 in fees under 42 U.S.C. 406(a) for work performed before the SSA. (ECF Nos. 14-2, 14-3, PageID# 1632, 1636.) Neither party disputes the validity of this award.

On May 27, 2026, Plaintiff's children M.L.R. and J.D.R. were each issued a favorable Notice of Award from the SSA. (ECF Nos. 14-5, 14-6, PageID# 1641, 1648.) The Notice for M.L.R. stated that she was owed $18,666 due to her father's receipt of SSDI benefits, and the Notice for J.D.R. indicated that he was owed $4,151 for the same reason. (*Id.*) In total, then, Plaintiff's children were awarded past due benefits of $22,817. (*Id.*) The Commissioner

2

acknowledges that the agency failed to withhold 25% of the back due benefits for payment of attorney fees on the children's benefits, as it should have done. (ECF No. 15, ECF No. 1741.)

## III. LAW AND ANALYSIS

### A. A minor calculation error reduces the request by $806.

In response to Plaintiff's motion, the Commissioner indicated he neither supports nor opposes the request for attorney fees, except that a technical computation error (conceded by Plaintiff) reduces the amount by $806. (ECF No. 15, PageID# 1740–42). Specifically, the Commissioner points to the accounting of past due benefits owed to M.L.R.

As the Commissioner notes in his Response to Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b), the SSA's Program Operations Manual System ("POMS") sets forth how the Agency calculates past due benefits for fee purposes. (ECF No. 15, PageID# 1741). Past due benefits that result from a fully favorable SSA determination or decision "are the amount of the monthly benefits credited . . . for all beneficiary(ies) under title II of the Act that have accumulated because of a favorable administrative determination or decision, *up to but not including the month SSA effectuates the primary beneficiary's decision*." Program Operations Manual System (POMS) GN 03920.030B.1, *available at* https://secure.ssa.gov/poms.nsf/lnx/0203920030 (last accessed July 22, 2026) (emphasis added).

Here, SSA says that it effectuated Plaintiff's claim in August 2025. (*See* ECF No. 14-1, PageID# 1625–26.) M.L.R.'s period of entitlement began in September 2023. (ECF No. 14-5, PageID# 1641.) Per POMS, her past due benefits would be those from September 2023 through July 2025, the last month before the SSA effectuated Plaintiff's decision. Therefore, the

Commissioner argues, and Plaintiff concedes, that $15,226 (not $18,666) is the appropriate figure to be used for fee assessment purposes.[1]

There is no similar issue with respect to the $4,151 figure listed on J.D.R.'s Notice of Award because J.D.R.'s entitlement period ended before Plaintiff's claim was processed in August 2025. (ECF No. 14-6, PageID# 1647).

After reviewing the Commissioner's argument, and with no opposition from Plaintiff to the requested reduction, the Court agrees that Plaintiff's request should be amended to $4,884.25.

> **a.** **Attorney Shupe's 42 U.S.C. § 406(b) fee request is within the 25% statutory limit, is consistent with the fee agreement, and is reasonable considering other relevant factors.**

Section 406(b) authorizes this Court to award reasonable attorney fees when a plaintiff brings a successful challenge in court to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). This award may not exceed 25 percent of the total of the past due benefits to which the claimant is entitled as a result of the successful challenge. *See* 42 U.S.C. § 406(b)(1). Such a fee is certified out of, not in addition to, the amount of past due benefits. 42 U.S.C. § 406(b)(1)(A). And when such a fee is awarded, ordinarily no other fee may be ordered payable or certified for such representation. *Id.*

---

[1] M.L.R.'s eligibility for benefit payments began in September 2023 at a monthly rate of $406.70, which was rounded down to the nearest dollar ($406). (ECF No. 14-5, PageID# 1641.) M.L.R. received this rate for three months (September through November 2023), totaling $1,218. Payments increased to $419 for seven months (December 2023 through June 2024), totaling $2,933. Payments increased to $839 for five months (July 2024 through November 2024), totaling $4,195. Finally, payments increased to $860 for eight months (December 2024 through July 2025), totaling $6,880. This encompasses the entire relevant time period, yielding a total of $15,226. When added to J.D.R's past-due benefits of $4,151, the total past-due benefits for Plaintiff's children for purposes of a fee award is $19,377. The last step is calculating 25% of $19,377: $4,844.25 in attorney fees.

Section 406(b) does not displace contingent fee agreements, but it instead requires courts to review for reasonableness the fees yielded by those agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808–09 (2002).

When considering the reasonableness of fee requests under 42 U.S.C. § 406(b), the Court looks first to the contingent fee agreement, then tests it for reasonableness. *Id.* at 808; *see also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308 (Mem.) (6th Cir. 2014). In examining a request for reasonableness, the Court considers several factors, including the attorney's standard hourly rate, the character of the representation, the results achieved, and whether the benefits are large in comparison to the amount of time counsel spent on a case. *Gisbrecht*, 535 U.S. at 808.

Here, Attorney Shupe averred that his standard hourly rate when this matter was litigated was $400. (ECF No. 14-8, PageID# 1654.) He submitted billing records substantiating that he worked for 26.2 hours on the federal court litigation, for which he is seeking payment of $4,844.25. (ECF No. 14-7, PageID# 1653.) This yields an effective hourly rate of $184.89, well under his standard rate. Courts in this district have found much higher hourly rates to be reasonable and not excessive. *E.g.*, *Britton v. Comm'r of Soc. Sec.*, No. 5:15-cv-325, 2018 WL 4335595, at *1 (N.D. Ohio Sept. 11, 2018) (collecting cases); *Bowman v. Colvin*, No. 1:09 CV 248, 2014 WL 1304914 (N.D. Ohio Mar. 27, 2014) (approving a blended rate of $720.00 an hour where the resulting total fell below the 25% cap and was consistent with the fee agreement), *report and recommendation adopted*, Mem. Opinion and Order, ECF No. 29 (Mar. 27, 2014); *Ritchie v. Comm'r of Soc. Sec.*, No. 1:07CV991, 2014 WL 814772 (N.D. Ohio Feb. 28, 2014) (approving an effective rate of $775.68 per hour where the resulting total fell below the 25% cap and where there was neither improper conduct on behalf of the requesting lawyer or a windfall), *report and recommendation adopted*, Mem. Opinion and Order, ECF No. 36 (Feb. 28, 2014).

Moreover, the Court recognizes that Attorney Shupe diligently advocated for and represented his client in this matter for over four years, obtaining a favorable decision involving more than $61,000 in past due disability benefits. Counsel's fee request is reasonably premised on the significant amount of time that he dedicated toward achieving a favorable outcome and an excellent result for his client. It is undisputed that Social Security Disability and Supplemental Security Income Law is a highly specialized practice, particularly at the appeals level in U.S. District Court. Relatively few attorneys are engaged in this practice, and those that do face long odds at obtaining such a favorable outcome.

The Court considered the fact that Attorney Shupe represented the Plaintiff at two administrative hearings, an appeal to the SSA Appeals Council, and litigation in federal court resulting in a remand from this Court. In evaluating the quality of the representation, the Court acknowledges that counsel was further tasked with the additional challenge of establishing Plaintiff's disability prior to December 31, 2023, which was particularly important in this matter.

The Court has considered the character of the representation and the substantially favorable results achieved for Plaintiff and finds no reason to further reduce Attorney Shupe's request. The fee is not overly large considering the amount of time he spent on the case or in relation to the benefits ultimately obtained for Plaintiff, which were substantial.

The Court, having found the sought fees consistent with the contingent fee agreement, below the statutory cap, and reasonable considering all other relevant factors, therefore agrees that the amount sought is reasonable.

**B. CONCLUSION**

Accordingly, the Court GRANTS Plaintiff's request for attorney fees, as amended. The Court awards **$4,844.25** under 42 U.S.C. § 406(b), to be paid from Plaintiff's past-due benefits pursuant to agency policy.

**IT IS SO ORDERED**

Dated:  July 27, 2026                                  /s/ *Jennifer Dowdell Armstrong*
                                                             Jennifer Dowdell Armstrong
                                                             U.S. Magistrate Judge